1

2          IN THE UNITED STATES DISTRICT COURT FOR THE
                WESTERN DISTRICT OF MISSOURI
3                    SOUTHERN DIVISION

4  UNITED STATES OF AMERICA,     ) Case No. 19-03055-01-CR-S-MDH
                                 )
5            Plaintiff,          ) Springfield, Missouri
                                 ) April 24, 2019
6  v.                            )
                                 )
7  JASON A. HAMANN,              )
                                 )
8            Defendant.          )
   _____)

9
         TRANSCRIPT OF PRELIMINARY AND DETENTION HEARING
10           BEFORE THE HONORABLE DAVID P. RUSH
                UNITED STATES MAGISTRATE JUDGE
11
   APPEARANCES:
12
   For the Plaintiff:          Ms. Josephine L. Stockard
13                             Assistant United States Attorney
                               901 St. Louis St., Ste. 500
14                             Springfield, MO  65806
                               (417) 831-4406
15
   For the Defendant:          Ms. Ann M. Koszuth
16                             Federal Public Defender's Office
                               901 St. Louis St., Ste. 800
17                             Springfield, MO  65806
                               (417) 873-9022
18
   Court Audio Operator:       Ms. Karla Berziel
19
   Transcribed by:             Rapid Transcript
20                             Lissa C. Whittaker
                               1001 West 65th Street
21                             Kansas City, MO  64113
                               (816) 914-3613
22

23

24
   Proceedings recorded by electronic sound recording, transcript
25 produced by transcription service.

1      (Court in Session at 2:07 p.m.)

2      THE COURT:  Calling in *United States vs. Jason Hamann*.

3  The defendant appears in person along with his attorney, Ms. Ann

4  Koszuth.  The United States appears by Assistant United States

5  Attorney, Ms. Jody Stockard.  This matter is set this afternoon

6  for a preliminary hearing and detention hearing in regard to the

7  Criminal Complaint which was filed against this defendant on

8  April 19th, 2019.  On the preliminary hearing portion of the

9  proceeding, the Court will take note of its own file, which

10  includes the affidavit in support of the Criminal Complaint.  Ms.

11  Stockard, is your case agent planning on being here today?

12      MS. STOCKARD:  Your Honor, we had a scheduling snafu and

13  he is not -- thought today was -- or thought this was tomorrow,

14  so he is across town.  I did ask Ms. Koszuth if she was okay with

15  proceeding without him and she said that she was.

16      MS. KOSZUTH:  Your Honor, --

17      MS. STOCKARD:  And I do apologize.

18      MS. KOSZUTH:  Your Honor, I don't intend to challenge

19  probable cause, just detention.

20      THE COURT:  All right.  Thank you.  I just wanted to

21  make a record in regard to that issue then.  The Court will note

22  that the affiant in the Complaint is not present today in the

23  courtroom for these proceedings.  With regard to the detention

24  portion of the proceedings, the Court will take note of that same

25  affidavit and also the information contained in the Pretrial

1   Services Report, a copy of which has been provided to both

2   parties.  The author of that report is Ms. Carrie Green, United

3   States Probation Officer, and she is present in the courtroom for

4   these proceedings.  With that before the Court, Ms. Stockard, do

5   you have any evidence by way of witness, testimony, or proffer

6   that you'd like to present on either the issue of probable cause

7   or detention?  And then I'll entertain any argument you'd like to

8   make.

9       MS. STOCKARD:  No additional evidence other than what's

10  in the affidavit.  I would just note in the Pretrial Services

11  Report Mr. Hamann's criminal history is outlined and it is fairly

12  extensive.  But I think I'd note he does have several drug

13  distribution offenses in the past.  So, when you're talking about

14  somebody who is engaging more recently, and quite recently in

15  drug distribution activity, I do think that he has been in and

16  then continues to be a danger to the community in that regard.

17  So, I would ask you to follow the recommendation of the Pretrial

18  Services Report and detain him.  Thank you.

19      THE COURT:  All right.  Thank you, Ms. Stockard.  Ms.

20  Koszuth, on behalf of the defendant, do you have anything that

21  you'd like to present on either issue?  I understand you

22  indicated you weren't challenging at this time probable cause.

23  But on the issue of probable cause and/or detention.

24      MS. KOSZUTH:  Yes, Your Honor, just argument.  Your

25  Honor, I strongly disagree with the conclusions of the Pretrial

Services Report. I do believe that any risk of non-appearance or danger to the community can be mitigated quite satisfactorily by conditions that the Court can impose. When I look at the reasons that the Pretrial Services Report lists as reasons for detention, Your Honor, they do list the offense charged, but that would negate anyone ever getting bond for these types of offenses. He does have a substance abuse history and we are requesting treatment, and I'll address that in a few minutes. It lists aliases and false identification and I don't know that I can answer that because there is nothing in the report that I can find that lists that. He did have a counterfeiting conviction in this Court a while back. Perhaps that refers to that. Your Honor, as far as history of failure to appear, the only failure to appear I could find in his criminal history was a 1995 disposition unknown. And, Your Honor, I would just state that a lot of times when we have those dispositions unknown they turn out to be either charge not filed or charge dismissed. There does not appear to be any conviction for failure to appear. And lack of verifiable employment, which again, I can address in a few minutes. It also talks about a charge of first-degree murder in 1997, which was over 20 years ago, which was dismissed. My client believes that is referring to a charge of conspiracy, not an actual murder. That again, was dismissed and again, over 20 years ago. And so I don't think that something that's been dismissed should bear much weight in the Court's decision. While

he was on supervised release, although I believe that there were some violations and violation reports filed, he was -- doesn't appear that he was ever revoked. So, he has performed well on federal supervision. And so he would be compliant with the conditions that the Court would impose. Your Honor, as far as employment goes, my client does believe that he can get his old job back with Southern Missouri Containers. He does believe that that is something -- and that was a very good job where he was earning approximately $30 an hour, and he would be able to support his family. He does have a family. He has very strong community ties and a very strong support system. His fiancée was supposed to be here but we believe she was detained. And so he's supporting his fiancée and his daughter and his fiancée's daughter who are both minors in the home. And his daughter especially he has full custody of. The mother is completely out of the picture. She's abandoned the child and he does support her. He doesn't have any convictions for crimes of violence, Your Honor. And, Your Honor, he has been on notice, if you will, of these charges since December of 2018, and he has not fled and he has not fled the jurisdiction or made any attempts to leave. Your Honor, he's had a sporadic history of drug treatment. And I would ask the Court to release him, but release him with the condition to satisfactorily complete an in-patient treatment program. He is asking for treatment. This isn't something that I just suggested as a way to get out of jail. This is something

1   he approached me with wanting to complete a treatment program, to

2   make sure that he can be the provider for his family that he

3   needs to be in the coming months.  Because if he is convicted, he

4   does realize that there will likely be a period of imprisonment

5   and he would like to leave his family on the best footing that he

6   can leave them on.  But, Your Honor, I believe with his family

7   support, if he can satisfactorily complete treatment, he can get

8   his job back that he had previously.  It's a very good job.  And

9   I think he can perform well on supervision.  And I would ask for

10  those reasons for you to consider a bond.  And I did explain to

11  him that if the Court is going to consider it, the Court would

12  likely wait a few weeks to make sure that any drugs are out of

13  his system before treatment because that would be the best recipe

14  for success.  Thank you.

15         THE COURT:  All right.  Thank you, Ms. Koszuth.  Yeah.

16  In reviewing -- in regard to the alias, it appears at the bottom

17  of page 3 of the Pretrial Services Report there must have been

18  something in a Presentence Investigation Report that indicates

19  that the defendant has used the alias names of Ryan Lynn McCurter

20  and Timothy A. Augenstein.  That's the only reference that I see

21  in the report.  And I just point that out.  That's the only place

22  I saw any reference to alias or false identification.  The Court

23  is going to take the issue under advisement.  And I know

24  sometimes when I am going to definitely release someone to

25  treatment and then bond, I will do that.  I'm not saying or

1 tipping my hand that that's what I intend to do.  I mean, the

2 defendant does have multiple, as the Government has pointed out,

3 multiple drug-trafficking offenses-felony and he does have, while

4 there's not necessarily, as defense counsel pointed out,

5 necessarily I don't think crimes of violence.  He does have a lot

6 of weapons offenses and/or charges.  And I believe he does have a

7 resisting an arrest for a felony.  And I'm not saying that's a

8 crime of violence.  I'm just saying that there are -- the

9 criminal history is extensive, Mr. Hamann.  I mean, I'm not

10 telling you anything you don't know.  And so the Court is leaning

11 clearly towards finding that you are a danger to the community.

12 But I'm going to take the matter under advisement and give it a

13 little more thought.  It's just, like I said, you have weapons

14 offenses and you have felony drug-trafficking offenses.  And then

15 you're charged with very serious charges that are set forth in

16 the Complaint.  And the facts in the Complaint obviously are

17 troubling to the Court.  But I will take it under advisement and

18 then I'll render a decision.  Either I'll issue a written

19 opinion, order that you be detained, or I'll take it up and set a

20 status conference.  But Ms. Koszuth is right.  If I were inclined

21 to send you to treatment, it would only be after you had had a

22 period of drying out.  I don't feel that that -- you wouldn't

23 benefit from the 30 days or 28 days of treatment if you're

24 spending half that time going through detox.  So, I'll take it

25 under advisement.  Is there anything further from either side?

1          MR. SUTTON:  No, Your Honor.

2          MS. KOSZUTH:  No, Your Honor.

3          THE COURT:  All right.  Thank you.  With that, we'll be

4     in recess.

5                    (Court Adjourned at 2:17 p.m.)

1

2

3

4

5           I certify that the foregoing is a correct transcript
    from the electronic sound recording of the proceeding in the
6   above-entitled matter.

7
            /s/ Lissa C. Whittaker          May 16, 2019
8           Signature of transcriber              Date

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25